UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARCHIE CRANFORD,<br><br>                Plaintiff,<br><br>       v.<br><br>AUDREY KING, et al.,<br><br>                Defendants. | **Case No. 1:14-cv-01002-MJS (PC)**<br>**ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND**<br>**(ECF No. 1)**<br>**THIRTY-DAY DEADLINE** |

Plaintiff is a civil detainee proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983.

Plaintiff's Complaint is before the Court for screening.

**I.    SCREENING REQUIREMENT**

The in forma pauperis statutes provide that "the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii). A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," *Ashcroft v. Iqbal*, 556 U.S. 662, ----, 129 S.Ct.

1

1937, 1949 (2009), citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007), and courts "are not required to indulge unwarranted inferences." *Doe I v. Wal–Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009). While factual allegations are accepted as true, legal conclusion are not. *Iqbal*, 129 S.Ct. at 1949.

## II.     PLEADING STANDARD

To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the alleged violation was committed by a person acting under the color of state law. See *West v. Atkins*, 487 U.S. 42, 48 (1988); *Ketchum v. Alameda Cnty.*, 811 F.2d 1243, 1245 (9th Cir. 1987).

A plaintiff must demonstrate that each defendant personally participated in the deprivation of his rights. *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002). This requires the presentation of factual allegations sufficient to state a plausible claim for relief. *Iqbal*, 129 S.Ct. at 1949–50; *Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009). The mere possibility of misconduct falls short of meeting this plausibility standard. *Iqbal*, 129 S.Ct. at 1949–50.

## III.    SUMMARY OF PLAINTIFF'S ALLEGATIONS

Plaintiff names as Defendants (1) Audrey King, Coalinga State Hospital ("CSH") Executive Director, (2) Brandon Price, CSH Program Director, and (3) Cliff Allenby, CSH Director.

His allegations can be summarized essentially as follows:

Staff at CSH improperly charged Plaintiff for legal mail supplies and copying and denied him sufficient paper and typewriter access. This violated CSH policy and prevented Plaintiff from seeking court relief from assaults by staff and other patients.

Plaintiff filed an administrative complaint. One of the Defendants responded that Plaintiff did not need to pursue the complaint because CSH mail policy assures patients access to courts. The response was insufficient because the said policy was not enforced by staff.

Plaintiff seeks monetary damages.

## IV.   DISCUSSION

The Fourteenth Amendment provides the standard for evaluating the constitutionally protected interests of individuals who have been involuntarily committed to a state facility. *Rivera v. Rogers*, 224 Fed.Appx. 148, 150–51 (3d Cir. 2007); see *Youngberg v. Romeo*, 457 U.S. 307, 312 (1982). In determining whether the constitutional rights of an involuntarily committed individual have been violated, the court must balance the individual's liberty interests against the relevant state interests with deference shown to the judgment exercised by qualified professionals. *Id.,* at 321–22.

### A.   Linking Defendants to Violations

A § 1983 plaintiff must demonstrate that each defendant personally participated in the deprivation of his rights. *Jones*, 297 F.3d at 934. There must be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by the plaintiff. See *Monell v. Department of Social Services*, 436 U.S. 658 (1978).

Plaintiff alleges only that one of the Defendants, whom he does not identify, inadequately responded to his administrative complaint. This is not sufficient to show any Defendant participated in or directed or failed to respond to a known rights violation harming him. *Redman v. County of San Diego*, 942 F.2d 1435, 1446–47 (9th Cir. 1991;

see also *Starr v. Baca*, 652 F.2d 1202, 1206–07 (9th Cir. 2011) ("[A] plaintiff may state a claim against a supervisor for deliberate indifference based upon the supervisor's knowledge of and acquiescence in unconstitutional conduct by his or her subordinates.").

If Plaintiff chooses to amend, he should allege facts linking each named Defendant to a violation of his rights.

**B      First Amendment Claims**

Plaintiff's First Amendment claims are rightly analyzed under prisoner rights case law. See *Rivera* at 150.

1.      Interference with Legal Mail

"[A] prison inmate retains those First Amendment rights that are not inconsistent with his status as a prisoner or with the legitimate penological objectives of the corrections system." *Pell v. Procunier*, 417 U.S. 817, 822 (1974).

While prisoners and those involuntarily committed have a First Amendment right to send and receive mail, *Witherow v. Paff*, 52 F.3d 264, 265 (9th Cir. 1995); *Jones v. Brown*, 461 F.3d 353, 358 (3d Cir. 2006), the right to receive mail is subject to substantial limitation and a regulation or policy infringing on the right will be upheld if it is reasonably related to legitimate penological interests. *Prison Legal News v. Lehman*, 397 F.3d 692, 699 (9th Cir. 2005), citing *Turner v. Safley*, 482 U.S. 78, 89 (1987).

Plaintiff does not appear to object to the CSH mail policy, but rather claims the policy was not enforced, preventing him from preparing legal mail. He does not allege facts demonstrating any Defendant interfered with his incoming or outgoing legal or other mail.

If Plaintiff chooses to amend, he should allege facts demonstrating how named

4

Defendants interfered with his incoming and outgoing legal or other mail causing him harm. *Iqbal*, 556 U.S. at 678.

### 2. Access to Courts

Plaintiff has a constitutional right of access to the courts and prison officials may not actively interfere with his right to litigate. *Silva v. Di Vittorio*, 658 F.3d 1090, 1101–02 (9th Cir. 2011). Prisoners also enjoy some degree of First Amendment rights in their legal correspondence. *Bounds v. Smith*, 430 U.S. 817, 824–25 (1977). However, to state a viable claim for relief, Plaintiff must allege he suffered an actual injury, which is prejudice with respect to contemplated or existing litigation, such as the inability to meet a filing deadline or present a non-frivolous claim. *Lewis v. Casey*, 518 U.S. 343, 349 (1996). Delays in providing legal materials or assistance which result in prejudice are "not of constitutional significance" if the delay is reasonably related to legitimate penological purposes. *Id.* at 362.

Plaintiff alleges that unspecified cases have been lost and closed because Defendants' improperly charged him for legal mail services and denied him paper and typewriter access. He has not described the cases, what relief they sought, or how and why they were in fact lost. He has not alleged any facts to suggest he has suffered "actual prejudice to contemplated or existing litigation." *Nevada Dep't of Corr. v. Greene*, 648 F.3d 1014, 1018 (9th Cir. 2011), citing *Lewis*, 518 U.S. at 348. The absence of an injury precludes an access claim, and Plaintiff's Complaint is devoid of any facts suggesting any injury occurred. *Christopher v. Harbury*, 536 U.S. 403, 415–16 (2002); see *Merryfield v. Jordan*, 431 Fed.Appx. 743, 747 (10th Cir. 2011) (when access to courts is impeded by mere negligence, no constitutional violation occurs); *Mitchell v. Carlson*, 404 F.Supp. 1220, 1225 (D.C. Kan. 1975) (delay in delivery of inmate mail is

not a denial of access to courts so long as the delay is neither material nor prejudicial).

If Plaintiff chooses to amend, he should allege facts demonstrating how named Defendants denied him access to court causing actual prejudice to contemplated or existing litigation. *Iqbal*, 556 U.S. at 678.

**C.     Eighth Amendment Claims**

1.     Failure to Protect

Plaintiff's right to constitutionally adequate conditions of confinement is protected by the substantive component of the Due Process Clause. *Youngberg*, 457 U.S. at 315. He is "entitled to more considerate treatment and conditions of confinement than criminals whose conditions of confinement are designed to punish," but the Constitution requires only that courts ensure that professional judgment was exercised. *Youngberg*, 457 U.S. at 321–22.

A determination whether Plaintiff's rights were violated requires "balancing of his liberty interests against the relevant state interests." *Youngberg*, 457 U.S. at 321. A "decision, if made by a professional, is presumptively valid; liability may be imposed only when the decision by the professional is such a substantial departure from accepted professional judgment, practice, or standards as to demonstrate that the person responsible actually did not base the decision on such a judgment." *Id.* at 322–23. The professional judgment standard is an objective standard and it equates "to that required in ordinary tort cases for a finding of conscious indifference amounting to gross negligence." *Ammons v. Washington Dep't of Soc. & Health Servs.*, 648 F.3d 1020, 1029 (9th Cir. 2011).

Plaintiff alleges only that he was assaulted by patients. While he has a liberty interest in safe conditions of confinement, *Youngberg*, 457 U.S. at 315, and care that is

6

professionally acceptable. *Id.* at 321, his allegations are not sufficient to state a claim under applicable standards.

If Plaintiff chooses to amend, he should allege facts demonstrating how named Defendants were indifferent to his safety and thereby caused him harm. *Iqbal*, 556 U.S. at 678.

### 2. Excessive Force

Claims for excessive force, when brought by a detainee who has been neither charged nor convicted of a crime, are analyzed under the Fourteenth Amendment reasonableness standard. *Gibson v. County of Washoe*, 290 F.3d 1175, 1185–86 (9th Cir. 2002); Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir. 1998).

The Due Process Clause of the Fourteenth Amendment protects detainees from the use of excessive force. *Redman,* 942 F.2d at 1440, quoting *Graham v. Connor*, 490 U.S. 386, 395 n.10 (1989). In resolving a substantive due process claim, courts must balance "several factors focusing on the reasonableness of the officers' actions given the circumstances." *White v. Roper*, 901 F.2d 1501, 1507 (9th Cir. 1990), quoting *Smith v. City of Fontana*, 818 F.2d 1411, 1417 (9th Cir. 1987), overruled on other grounds. In the *White* case, the Ninth Circuit articulated four factors that courts should consider in resolving a due process claim alleging excessive force. The factors are (1) the need for the application of force, (2) the relationship between the need and the amount of force that was used, (3) the extent of the injury inflicted, and (4) whether force was applied in a good faith effort to maintain and restore discipline. *White* 901 F.2d at 1507.

Plaintiff alleges only that he was assaulted by CSH personnel. There is insufficient information to enable the Court to analyze his excessive force claim under the above standards. He does not describe the events leading to the alleged application

of force, who applied it, why, his reaction to force, the duration of force applied, and the extent of any injury inflicted.

If Plaintiff chooses to amend, he should allege facts demonstrating application of force by named Defendants for other than penological purposes causing him harm. *Iqbal*, 556 U.S. at 678.

### D.    Fourteenth Amendment Claims

#### 1.    Administrative Complaint

Civil detainees are entitled to Fourteenth Amendment protections. *Jones v. Blanas*, 393 F.3d 918, 933 (9th Cir. 2004) ("Civil status means civil status, with all the Fourteenth Amendment rights that accompany it."). However, there is no federal constitutional right to an institutional grievance procedure or injunctive relief thereon. *Merryfield*, 431 Fed.Appx. at *6 (10th Cir. 2011). Plaintiff may not claim a federal violation arising solely from his administrative complaint. *Id.*

Even if Plaintiff had such a right, he fails to allege facts showing denial of administrative process due him. Rather he complains of the outcome of the process. Plaintiff has no right to a certain outcome. See *Wise v. Washington State Department of Corrections*, 244 Fed.Appx. 106, 108 (9th Cir.2007), (no due process rights regarding the proper handling of grievances).

Plaintiff does not and cannot state a due process claim arising from the grievance process. Amendment would be futile.

#### 2.    Mail Policy

Plaintiff alleges Defendants denied him paper and typewriter access disrupting his legal mail. These allegations alone are not sufficient for the Court to determine the nature and extent of such deprivations and whether Defendants were motivated by

legitimate, non-punitive, governmental interests. *Batten v. Shasta County Bd. of Supervisors*, 489 Fed.Appx. 174 (9th Cir. 2012); see *Jones*, 393 F.3d at 932 (analyzing conditions of confinement for civil detainees under the Fourteenth Amendment and stating that civil detainees may be subject to "[l]egitimate, non-punitive government interests" such as "maintaining jail security, and effective management of [the] detention facility.").

Unless there is evidence of intent to punish, conditions or restrictions that are reasonably related to legitimate penological objectives do not violate detainees' right to be free from punishment. See *Block v. Rutherford*, 468 U.S. 576, 584 (1984), citing *Bell v. Wolfish*, 441 U.S. 520, 538–39 (1979).

Plaintiff does not state a due process claim arising from the mail policy.

If Plaintiff chooses to amend, he should allege facts demonstrating how Defendants violated the mail policy depriving him of due process. *Iqbal*, 556 U.S. at 678.

## V.    CONCLUSIONS AND ORDER

The Complaint fails to state any cognizable claim. The Court will provide Plaintiff with an opportunity to file an amended complaint curing the deficiencies identified by the Court in this Order. *Noll v. Carlson*, 809 F.2d 1446, 1448-49 (9th Cir. 1987).

If Plaintiff opts to amend, his amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named Defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights, *Iqbal*, 556 U.S. at 677-78, consistent with this Order. Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." *Twombly*, 550 U.S. at 555.

Further, Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).

Finally, an amended complaint supersedes the original complaint, *Forsyth v. Humana, Inc.*, 114 F.3d 1467, 1474 (9th Cir. 1997); *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superseded pleading." Local Rule 220.

Based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff (1) a blank civil rights amended complaint form and (2) a copy of his Complaint filed June 26, 2014,
2. Plaintiff's § 1983 Complaint (ECF No. 1) is DISMISSED for failure to state a claim upon which relief may be granted,
3. Plaintiff shall file an amended complaint within thirty (30) days from service of this Order, and
4. If Plaintiff fails to file an amended complaint in compliance with this Order, the undersigned will recommend the action be dismissed, with prejudice, for failure to state a claim and failure to prosecute, subject to the "three strikes" provision set forth in 28 U.S.C. § 1915(g). *Silva*, 658 F.3d at 1098.

IT IS SO ORDERED.

Dated:   July 16, 2014                              /s/ *Michael J. Seng*
                                                    UNITED STATES MAGISTRATE JUDGE

10