# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

ARCHIE CRANFORD,

Plaintiff,

v.

AUDREY KING, et al.,

Defendants.

Case No.  1:14-cv-01002-MJS (PC)

**ORDER STRIKING UNSIGNED FIRST AMENDED COMPLAINT BUT GRANTING  LEAVE TO FILE AN AMENDED PLEADING WITHIN THIRTY DAYS**

**(ECF No. 16)**

Plaintiff is a civil detainee proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. The Complaint was dismissed for failure to state a claim.

The First Amended Complaint is before the Court for screening.

## I.      SCREENING REQUIREMENT

The in forma pauperis statutes provide that "the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii). A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere

1

conclusory statements, do not suffice," *Ashcroft v. Iqbal*, 556 U.S. 662, ----, 129 S.Ct. 1937, 1949 (2009), citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007), and courts "are not required to indulge unwarranted inferences." *Doe I v. Wal–Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009). While factual allegations are accepted as true, legal conclusion are not. *Iqbal*, 129 S.Ct. at 1949.

## II.   PLEADING STANDARD

To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the alleged violation was committed by a person acting under the color of state law. See *West v. Atkins*, 487 U.S. 42, 48 (1988); *Ketchum v. Alameda Cnty.*, 811 F.2d 1243, 1245 (9th Cir. 1987).

A plaintiff must demonstrate that each defendant personally participated in the deprivation of his rights. *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002). This requires the presentation of factual allegations sufficient to state a plausible claim for relief. *Iqbal*, 129 S.Ct. at 1949–50; *Moss v. U.S. Secret Service*, 572 F.3d 962, 969, 970 (9th Cir. 2009). The mere possibility of misconduct falls short of meeting this plausibility standard. *Iqbal*, 129 S.Ct. at 1949–50.

## III.   FIRST AMENDED COMPLAINT

Plaintiff's amended pleading does not attribute a rights violation to any named Defendant. His original pleading named the following Defendants (1) Audrey King, Coalinga State Hospital ("CSH") Executive Director, (2) Brandon Price, CSH Program Director, and (3) Cliff Allenby, CSH Director.

The amended pleading is difficult to understand. It appears that Plaintiff was assaulted by a fellow patient, and later assaulted by friends of the initial assailant.

Plaintiff grieved the assaults. He should have been, but was not moved to a single room away from further threat.

The amended pleading does not demand any relief. The original pleading sought monetary damages.

## IV.   DISCUSSION

The Fourteenth Amendment provides the standard for evaluating the constitutionally protected interests of individuals who have been involuntarily committed to a state facility. *Rivera v. Rogers*, 224 Fed.Appx. 148, 150–51 (3d Cir. 2007); see *Youngberg v. Romeo*, 457 U.S. 307, 312 (1982). In determining whether the constitutional rights of an involuntarily committed individual have been violated, the court must balance the individual's liberty interests against the relevant state interests with deference shown to the judgment exercised by qualified professionals. *Id.,* at 321-22.

### A.    Procedural Deficiencies

The First Amended Complaint is procedurally deficient. It fails to name Defendants liable under the allegations, Fed. R. Civ. P. 10(a), fails to demand any relief, Fed. R. Civ. P. 8(a)(3), and is unsigned, Fed. R. Civ. P. 11(a).

The court is required to strike an unsigned pleading unless the omission is promptly corrected. Fed. R. Civ. P. 11(a).

Because the First Amended Complaint is substantively deficient for reasons that follow, the court will strike it with leave to amend. Plaintiff is advised any amended pleading must be complete in itself and may not incorporate allegations in prior pleadings. Local Rule 220.

### B.    Linking Defendants to Violations

A § 1983 plaintiff must demonstrate that each defendant personally participated in the deprivation of his rights. *Jones*, 297 F.3d at 934. There must be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by the plaintiff. See *Monell v. Department of Social Services*, 436 U.S. 658 (1978).

Plaintiff does not name the Defendants who allegedly violated his rights. He does not explain how unidentified Defendants participated in or directed or failed to respond to a known rights violation harming him. *Redman v. County of San Diego*, 942 F.2d 1435, 1446–47 (9th Cir. 1991); see also *Starr v. Baca*, 652 F.2d 1202, 1206–07 (9th Cir. 2011) ("[A] plaintiff may state a claim against a supervisor for deliberate indifference based upon the supervisor's knowledge of and acquiescence in unconstitutional conduct by his or her subordinates.").

Plaintiff was previously advised of this deficiency. If he chooses to amend he must allege facts linking each named Defendant to a violation of his rights.

## C    Eighth Amendment Claim

### 1.    Failure to Protect

Plaintiff's right to constitutionally adequate conditions of confinement is protected by the substantive component of the Due Process Clause. *Youngberg*, 457 U.S. at 315. He is "entitled to more considerate treatment and conditions of confinement than criminals whose conditions of confinement are designed to punish," but the Constitution requires only that courts ensure that professional judgment was exercised. *Youngberg*, 457 U.S. at 321-22.

A determination whether Plaintiff's rights were violated requires "balancing of his liberty interests against the relevant state interests." *Youngberg*, 457 U.S. at 321. A

"decision, if made by a professional, is presumptively valid; liability may be imposed only when the decision by the professional is such a substantial departure from accepted professional judgment, practice, or standards as to demonstrate that the person responsible actually did not base the decision on such a judgment." *Id.* at 322-23. The professional judgment standard is an objective standard and it equates "to that required in ordinary tort cases for a finding of conscious indifference amounting to gross negligence." *Ammons v. Washington Dep't of Soc. & Health Servs.*, 648 F.3d 1020, 1029 (9th Cir. 2011).

Plaintiff's allegations do not include facts sufficient for the court to analyze the claim under the above standards. Plaintiff does not explain the nature and extent any risk, who posed it, when and to what extend any Defendant with knowledge of the risk was able to but failed to respond, and how this caused harm to Plaintiff.

While Plaintiff has a liberty interest in safe conditions of confinement, *Youngberg*, 457 U.S. at 315, and care that is professionally acceptable. *Id.* at 321, his allegations are not sufficient to state a claim under applicable standards.

Plaintiff was previously advised of this deficiency.

If Plaintiff chooses to amend, he should allege facts demonstrating how named Defendants were indifferent to his safety and thereby caused him harm. *Iqbal*, 556 U.S. at 678.

**D.   Fourteenth Amendment Claims**

      1.   Administrative Grievance

Civil detainees are entitled to Fourteenth Amendment protections. *Jones v. Blanas*, 393 F.3d 918, 933 (9th Cir. 2004) ("Civil status means civil status, with all the Fourteenth Amendment rights that accompany it."). However, there is no federal

constitutional right to an institutional grievance procedure or injunctive relief thereon. *Merryfield v. Jordan*, 431 Fed.Appx. 743, 750 (10th Cir. 2011). Plaintiff may not claim a federal violation arising solely from his administrative complaint. *Id.*

Even if Plaintiff had such a right, he fails to allege facts showing denial of administrative process due him. Rather he complains of the outcome of the process. Plaintiff has no right to a certain outcome. See *Wise v. Washington State Department of Corrections*, 244 Fed.Appx. 106, 108 (9th Cir. 2007), (no due process rights regarding the proper handling of grievances).

Plaintiff does not and cannot state a due process claim arising from the grievance process.

Plaintiff was previously advised that amendment of this claim would be futile. Further leave to amend is denied.

**V.    CONCLUSIONS AND ORDER**

The First Amended Complaint shall be stricken because it is unsigned, does not name Defendants and does not state desired relief. It also fails to state any cognizable claim. Plaintiff was previously advised of the substantive deficiencies in his claims.

The Court will provide Plaintiff with **one final** opportunity to file a duly signed amended complaint curing the deficiencies identified by the Court in this Order. *Noll v. Carlson*, 809 F.2d 1446, 1448-49 (9th Cir. 1987).

If Plaintiff opts to amend, his amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named Defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights, *Iqbal*, 556 U.S. at 677-78, consistent with this Order. Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." *Twombly*, 550 U.S. at 555.

Further, Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).

Finally, an amended complaint supersedes the original complaint, *Forsyth v. Humana, Inc.*, 114 F.3d 1467, 1474 (9th Cir. 1997); *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superseded pleading." Local Rule 220.

Based on the foregoing, it is HEREBY ORDERED that:

1.   The Clerk's Office is directed to STRIKE Plaintiff's First Amended Complaint (ECF No. 16) from the docket,

2.   The Clerk's Office shall send Plaintiff (1) a blank civil rights amended complaint form and (2) a copy of his First Amended Complaint filed October 16, 2014,

3.   Plaintiff shall file a duly signed amended complaint within thirty (30) days from service of this Order, and

4.   If Plaintiff fails to file an amended complaint in compliance with this Order, the **u**ndersigned will recommend the action be dismissed, with prejudice, for failure to state a claim and failure to prosecute.

IT IS SO ORDERED.

Dated:   October 27, 2014                     /s/ *Michael J. Seng*

UNITED STATES MAGISTRATE JUDGE

7