UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARCHIE CRANFORD,<br><br>         Plaintiff,<br><br>    v.<br><br>AUDREY KING, et al.,<br><br>         Defendants. | CASE NO. 1:14-cv-01002-MJS (PC)<br><br>**ORDER DISMISSING SIGNED FIRST AMENDED COMPLAINT WITH LEAVE TO AMEND**<br><br>**(ECF No. 18)**<br><br>**AMENDED COMPLAINT DUE WITHIN THIRTY (30) DAYS** |

Plaintiff is a civil detainee proceeding pro se and in forma pauperis in this civil rights action brought pursuant to 42 U.S.C. § 1983. (ECF Nos. 7 & 18.) Plaintiff has consented to Magistrate Judge jurisdiction. (ECF No. 5.) No other parties have appeared in the action.

Plaintiff's complaint (ECF No. 1) was dismissed for failure to state a claim, but he was given leave to amend (ECF No. 8). On October 16, 2014, Plaintiff filed a first amended complaint (ECF No. 16). On October 27, 2014, the Court struck Plaintiff's first amended complaint because it was unsigned. (ECF No. 17.) The Court instructed Plaintiff to file a signed amended pleading within thirty days. (Id.) The Court also noted that the unsigned first amended complaint was substantively deficient, advised Plaintiff of the legal standards applicable to what appeared to be Plaintiff's claims, and instructed Plaintiff to cure the deficiencies in his amended pleading. (Id.)

On November 4, 2014, Plaintiff filed a signed first amended complaint. (ECF No. 18.) Aside from the signature, the pleading is identical to that which the Court found substantively deficient. (Compare ECF Nos. 16 & 18.) The Court, therefore, will repeat the substance of ECF No. 17.

## I.   SCREENING REQUIREMENT

The in forma pauperis statute provides, "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

## II.   PLEADING STANDARD

Section 1983 "provides a cause of action for the deprivation of any rights, privileges, or immunities secured by the Constitution and laws of the United States." Wilder v. Virginia Hosp. Ass'n, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983). Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights conferred elsewhere. Graham v. Connor, 490 U.S. 386, 393-94 (1989).

To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the alleged violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988); Ketchum v. Alameda Cnty., 811 F.2d 1243, 1245 (9th Cir. 1987).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to state a claim to relief

that is plausible on its face." Id. Facial plausibility demands more than the mere possibility that a defendant committed misconduct and, while factual allegations are accepted as true, legal conclusions are not. Id. at 677-78.

### III. PLAINTIFF'S ALLEGATIONS

As stated, Plaintiff's allegations are identical to those presented in his prior, unsigned pleading. He does not attribute any conduct to any named Defendant. His allegations are difficult to understand. He appears to allege he was assaulted by a fellow patient at CSH, and later assaulted by friends of the initial assailant. He grieved the assaults but was not moved to a single room as he should have been to prevent further threats. He does not request any specific relief.

### IV. ANALYSIS

The Court's order striking Plaintiff's unsigned pleading provided the legal standards applicable to what appeared to be Plaintiff's claims, and instructed him to cure the noted deficiencies. (ECF No. 17.) Nevertheless, Plaintiff's signed first amended complaint is identical to the prior, deficient pleading. The Court will again identify the legal standards applicable to, and deficiencies in, Plaintiff's complaint.

#### A. Procedural Deficiencies

The signed first amended complaint fails to name Defendants liable for the conduct alleged, Fed. R. Civ. P. 10(a), and fails to demand any relief, Fed. R. Civ. P. 8(a)(3).

Plaintiff will be given leave to amend. If he chooses to do so, he should identify the Defendants against whom he intends to proceed, as well as the relief requested.

#### B. Linkage

Under § 1983, Plaintiff must demonstrate that each named defendant personally participated in the deprivation of his rights. Iqbal, 556 U.S. 662, 676-77 (2009); Simmons v. Navajo Cnty., Ariz., 609 F.3d 1011, 1020-21 (9th Cir. 2010); Ewing v. City of Stockton,

588 F.3d 1218, 1235 (9th Cir. 2009); Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).

Plaintiff has not named the Defendants who allegedly violated his rights nor explained how any unnamed Defendants participated in, directed, or failed to respond to a known rights violation. Redman v. County of San Diego, 942 F.2d 1435, 1446-47 (9th Cir. 1991); see also Starr v. Baca, 652 F.3d 1202, 1206-07 (9th Cir. 2011) ("[A] plaintiff may state a claim against a supervisor for deliberate indifference based upon the supervisor's knowledge of and acquiescence in unconstitutional conduct by his or her subordinates.").

Plaintiff twice has been advised of this deficiency. If he chooses to amend he must allege facts linking each named Defendant to a violation of his rights.

### C. Fourteenth Amendment

The Fourteenth Amendment provides the standard for evaluating the constitutionally protected interests of individuals who have been involuntarily committed to a state facility. Rivera v. Rogers, 224 Fed. Appx. 148, 150–51 (3d Cir. 2007); see Youngberg v. Romeo, 457 U.S. 307, 312 (1982). In determining whether the constitutional rights of an involuntarily committed individual have been violated, the court must balance the individual's liberty interests against the relevant state interests, with deference shown to the judgment exercised by qualified professionals. Youngberg, 457 U.S. at 320-22.

Plaintiff's right to constitutionally adequate conditions of confinement is protected by the substantive component of the Due Process Clause. Id. at 315. He is "entitled to more considerate treatment and conditions of confinement than criminals whose conditions of confinement are designed to punish," but the Constitution requires only that courts ensure that professional judgment was exercised. Id. at 321-22.

A "decision, if made by a professional, is presumptively valid; liability may be imposed only when the decision by the professional is such a substantial departure from

4

accepted professional judgment, practice, or standards as to demonstrate that the person responsible actually did not base the decision on such a judgment." Id. at 322–23. The professional judgment standard is an objective standard and it equates "to that required in ordinary tort cases for a finding of conscious indifference amounting to gross negligence." Ammons v. Wash. Dep't of Soc. & Health Servs., 648 F.3d 1020, 1029 (9th Cir. 2011) (citations and emphasis omitted).

Plaintiff alleges that he twice was assaulted by fellow patients, and that unspecified Defendants should have, but did not, place him in a single room to prevent further threats. These allegations do not include sufficient facts for the court to analyze the claim under the above standards. Plaintiff does not explain the nature and extent of any risk, who posed the risk, when and to what extent any Defendant with knowledge of the risk was able to, but failed to, respond, and how this caused harm to Plaintiff. Plaintiff implies that Defendants were aware of assaults on him because Plaintiff filed complaints regarding the assaults. However, Plaintiff has not alleged facts to show that any Defendants were aware of these complaints.

The Complaint does not indicate that any Defendants exhibited a conscious indifference amounting to gross negligence. See Ammons, 648 F.3d at 1029. While Plaintiff has a liberty interest in safe conditions of confinement, Youngberg, 457 U.S. at 315, and care that is professionally acceptable, id. at 321, his allegations are not sufficient to state a claim under applicable standards.

Plaintiff twice has been advised of this deficiency. If he chooses to amend, he should allege facts demonstrating how named Defendants were indifferent to his safety and thereby caused him harm. Iqbal, 556 U.S. at 678.

## V.   CONCLUSION AND ORDER

The signed first amended complaint does not name Defendants, demand any relief, or state any cognizable claim.

The Court will provide Plaintiff with **one final** opportunity to file an amended

complaint that cures the noted deficiencies. Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). If Plaintiff opts to amend, his amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named Defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights, Iqbal, 556 U.S. at 677-78. Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." Twombly, 550 U.S. at 555. Further, Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007).

Finally, an amended complaint supersedes the original complaint, Lacey v. Maricopa County, 693 F.3d 896, 927 (9th Cir. 2012), and must be "complete in itself without reference to the prior or superseded pleading," Local Rule 220.

Based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's signed first amended complaint (ECF No. 18) is DISMISSED for failure to state a claim upon which relief may be granted,

2. The Clerk's Office shall send Plaintiff (1) a blank civil rights amended complaint form and (2) a copy of his signed first amended complaint filed November 4, 2014,

3. Plaintiff shall file an amended complaint within thirty (30) days from service of this order, and

4. If Plaintiff fails to file an amended complaint in compliance with this order, the action will be dismissed, with prejudice, for failure to state a claim and failure to prosecute.

IT IS SO ORDERED.

Dated:   January 27, 2015         /s/ *Michael J. Seng*
                                UNITED STATES MAGISTRATE JUDGE

6